**VAWTER et al. v. NATIONAL BEN. LIFE INS. CO. et al.**

No. 9068.

United States Court of Appeals
District of Columbia.

Argued Oct. 15, 1945.

Decided Nov. 2, 1945.

Mr. Levi H. David, of Washington, D. C., with whom Mr. W. C. Hueston, of Washington, D. C., was on the brief, for petitioners.

Mr. Francis C. Brooke, of Washington, D. C., with whom Mr. John L. Laskey, of Washington, D. C., was on the brief, for respondents.

Before GRONER, Chief Justice, and ALBERT LEE STEPHENS, Circuit Judge sitting by designation, and EDGERTON, Associate Justice.

PER CURIAM.

The Act of Congress creating this court[1] authorizes us, in our discretion, to grant appeals from all interlocutory orders of the District Court of the United States, "whenever it is made to appear * * * upon petition that it will be in the interest of justice to allow such appeal."

The petition for the allowance of a special appeal in the above entitled cause is grounded upon the entry of an order, dated June 19, 1945, referring the cause to a Special Master for audit of the receivers' account. The complaint is that the order is not broad enough to authorize or require the Special Master "to state the account of the Receivers and to determine the rights and interests of all claimants to participation in said assets of the defendant corporation." Petitioners insist that the order, in effect, narrows a previous order of reference, dated December 8, 1937, and leaves them and other similar creditors without proper relief. We think the record does not support this claim.

The main controversy arises out of the disposition of the assets of a defunct insurance corporation. The case has been pending in the District Court for thirteen or fourteen years, and during all of that time no distribution of the assets or any part thereof has been made to creditors. Counsel for the respondents, in answer to the pending petition for special appeal, insist that counsel for petitioners was present when the 1945 order was entered and made no complaint at that time either to the entry or the form thereof, nor has he at any time since sought in the trial court to have the order vacated, amended or withdrawn. Counsel further insist that under the provisions of the order the Special Master is allowed full latitude to inquire into the conduct of the receivers, to determine

[1] Feb. 9, 1893, 27 Stat. 434, ch. 74, § 7.

whether or not the various credits claimed by them should be allowed, to make recommendations to the court as to fees to be allowed and to hear and determine complaints of any claimants feeling aggrieved at the action of the receivers.

■ We have examined the order in issue, and while we are of opinion it might have been more specific, we are also of opinion that the position of respondents in regard to its breadth and depth is fairly taken. We see no reason why the Special Master may not under its provisions state fully the account of the receivers and determine the rights and interests of all claimants for participation in the assets of the defendant corporation, and certainly no reason why it will not permit and require the Special Master to declare the extent to which petitioners are legally entitled to share in the assets. Therefore, the order, we think, will accomplish all that petitioners are entitled to demand. We said in an earlier appeal in this case, National Ben. Life Ins. Co. v. Shaw-Walker Co., 71 App.D.C. 276, 111 F.2d 497, that because of the abnormal length of time consumed in the administration of this receivership, the court should scrutinize the final report of the receivers with great care and that "the proceeding should not be closed until the court has made certain, either upon appropriate objection or on its own motion, * * * that its officers, the receivers, have discharged their full duty to the court and to those whose interests it has in charge." But we added the caution that while the investigation should be thorough, it should be closed with dispatch.

Having all of the above in mind, we now feel that the ends of justice will be better served if the Special Master shall feel free to initiate on his own account, or at the instance of creditors, such an examination of the administration of the receivership as will disclose all pertinent facts in relation to the use from time to time of the assets of the estate in accordance with the orders and directions of the court. The 1945 order is broad enough for this purpose.

■ So far as petitioners here are concerned, we think their failure to apply to the court below for an amendment of the order in accordance with their views and their tacit consent to its entry in its present form leave them without any standing on this petition.

■ To this we think we should add that counsel for petitioners argued in support of his position that the receivers resumed business and wrote new policies of insurance without warrant in law. We do not express ourselves upon this subject further than to say that business resumed many years ago under the apparent authority of a court of equity and by which innocent parties have invested their money in the vital subject of insurance should be disturbed with great caution, and not at all unless by compelling reasons.

Appeal denied.